IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUL -5 P 12: 43

KELLY M. BERRY,

PLAINTIFF,                    CIVIL ACTION NO. 2:05cv625-B

V.

ROMERO TRUCKING, INC.,

DEFENDANT.                    JURY DEMAND REQUESTED

## COMPLAINT

**I.    JURISDICTION**

1.   The jurisdiction of this Court is invoked pursuant to the Acts of Congress known as 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202. This suit is authorized and instituted pursuant to 42 U.S.C. §2000e, Title VII of the Civil Rights Act of 1964, as amended (Title VII), and the Family Medical Leave Act ("FMLA") 28 U.S.C. § 2601, et seq. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII and FMLA which also provide for injunctive and other relief.

2.   Plaintiff timely filed her Amended charge of gender discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act ("Exhibit A"). Plaintiff further filed her lawsuit within ninety (90) days after receipt of her right-to-sue letter issued by the EEOC

("Exhibit B").

## II. PARTIES

3. Plaintiff, Kelly M. Berry, hereinafter "Plaintiff," is a citizen of the United States, and a resident of Autauga County, Alabama. Plaintiff was formerly employed by the Defendant.

4. Defendant, Romero Trucking, Inc., hereinafter "Defendant," is an entity subject to suit under Title VII and FMLA. Defendant employs more than 15 persons.

## III. STATEMENT OF THE FACTS

5. Plaintiff began working with Defendant on November 13, 2002, as a dispatcher, which included dispatching trucks, inputting loads into the computer, hiring, firing and otherwise managing drivers.

6. In April of 2004, Plaintiff notified the Defendant that she needed to be off work for a period of six (6) weeks for surgery and medical reasons.

7. Immediately after Plaintiff notified Defendant about her need for medical leave, Defendant changed her from being classified as a salaried employee to an hourly employee. This had the effect of avoiding paying her for the accumulated sick leave she had accrued under the salaried-employee policy

8. Other dispatchers for Defendant continued to be paid on a salaried basis. These other dispatchers were males.

9. Plaintiff notified the Equal Employment Opportunity Commission (EEOC) of information she had that supported another former employee of Defendant, Teresa Graves, about a charge of discrimination she had filed alleging gender discrimination.

10. Plaintiff also indicated to the EEOC that she thought she had been discriminated against based on her gender.

11. Mr. Romero, the owner of the Defendant, found the letter to the EEOC.

12. Almost immediately after Mr. Romero read the letter that Plaintiff had written to the EEOC, Plaintiff was terminated.

13. The reason stated for Plaintiff's termination was job performance. Plaintiff had never received any previous discipline for these matters, and the alleged reasons were not legitimate.

14. Plaintiff was discriminated against based on her gender and in retaliation for her complaint to the EEOC about gender discrimination in violation of Title VII.

15. Plaintiff's medical leave was interfered with and/or she was retaliated against for invoking an FMLA leave.

16. As a result of the illegal actions of the Defendant, Plaintiff has been damaged.

**IV.    COUNT ONE -- Title VII – Gender Discrimination**

17. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 above with the same force and effect as if fully set out in specific detail below.

18. Plaintiff was paid hourly rather than salaried as a dispatcher while male dispatchers were paid on a salary basis.

19. Plaintiff was changed to hourly status which negatively impacted her pay.

20. There was no legitimate reason for the difference in treatment between Plaintiff and the male dispatchers.

21. As a result of the illegal actions of the Defendant, Plaintiff has been damaged financially, emotionally and physically.

V.  COUNT TWO -- TITLE VII - Retaliation

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 above with the same force and effect as if fully set out in specific detail below.

23. Plaintiff was terminated in retaliation for her complaint to the EEOC regarding gender discrimination.

24. There was no legitimate reason for her termination.

25. As a result of the illegal actions of the Defendant, Plaintiff has been damaged financially, emotionally and physically.

VI. COUNT THREE -- Family Medical Leave Act

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25

above with the same force and effect as if fully set out in specific detail below.

27. Defendant is an employer within the definition of the FMLA.

28. Plaintiff requested FMLA leave to have surgery. After said request, the Defendant changed Plaintiff's status from salaried to hourly to avoid paying her for her time off.

29. Plaintiff had accrued the time off because she was a salaried employee, but her change in status to an hourly employee took away her accrued leave.

30. Plaintiff was subsequently terminated in retaliation for taking the leave.

31. As a result of the illegal actions of the Defendant, Plaintiff has been damaged financially.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the Plaintiff as secured by Title VII and the FMLA.

2. Grant Plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendants' request from continuing to violate Title VII and the FMLA.

3. Enter an Order requiring Defendants to make Plaintiff whole by awarding her front-pay, back pay (plus interest), liquidated, compensatory, punitive damages and/or nominal damages, injunctive and declaratory relief, and benefits.

Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

_____
DAVID R. ARENDALL

_____
STEPHANIE S. WOODARD

_____
ALLEN D. ARNOLD
Counsel for Plaintiff

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
(205) 252-1550 - Office
(205) 252-1556 - Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

DEFENDANT'S ADDRESS:

Romero Trucking, Inc.
c/o Rauls Romero, Authorized Agent
1390 – D Highway 82 Bypass E
Prattville, AL  36067