**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **KELLY M. BERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 2:05CV625-B** |
| | ) | |
| **ROMERO TRUCKING, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

The defendant, Romero Trucking, Inc. ("Romero"), responds to the plaintiff's complaint as follows:

**I.  JURISDICTION**

1. The allegations of this paragraph are jurisdictional only and do not require a response. To the extent an answer is required, the defendant denies that it violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, et seq.; the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. or any other law.

2. Admitted that the plaintiff filed the Complaint in this action within 90 days of the date of her notice of right to sue; except as explicitly admitted, Romero denies the allegations of paragraph 2.

## II. PARTIES

3. Romero admits that it formerly employed the plaintiff and that she is a United States citizen. Romero lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation of paragraph 3, and, therefore, denies the same.

4. Admitted.

## III. FACTUAL ALLEGATIONS

5. Denied.

6. Admitted that the plaintiff requested time off due to surgery in April 2004; except as explicitly admitted, the allegations of paragraph 6 are denied.

7. Admitted that the plaintiff's pay status was changed from salary to hourly; except as explicitly admitted, the allegations of paragraph 7 are denied.

8. Denied.

9. Romero lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and, therefore, denies the same.

10. Romero lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and, therefore, denies the same.

11. Denied.

12. Admitted that the plaintiff's employment was terminated. Except as explicitly admitted, the allegations of paragraph 12 are denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

**IV.   COUNT ONE**

17. Romero adopts and re-alleges paragraphs 1-16 above as if fully set forth herein.

18. Admitted that the plaintiff was paid on an hourly basis during a period of her employment; except as explicitly admitted, the allegations of paragraph 18 are denied.

19. Admitted that the plaintiff's pay was changed from a salary basis to an hourly basis; except as explicitly admitted, the allegations of paragraph 19 are denied.

20. Denied.

21. Denied.

## V. COUNT TWO

22. Romero adopts paragraphs 1-21 above as if fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

## VI. COUNT THREE

26. Romero adopts paragraphs 1-25 above as if fully set forth herein.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## VIII. PRAYER FOR RELIEF

1-3. Romero denies that it has violated Title VII, the FMLA or any other law and denies that the plaintiff is entitled to the relief requested in her prayer for relief or to any other relief.

Romero denies that the plaintiff is entitled to an award of costs, attorneys fees, and expenses.

In further defense, Romero avers:

## FIRST DEFENSE

Romero acted on the basis of legitimate non-discriminatory, non-retaliatory reasons that were not pretextual.

## SECOND DEFENSE

Even if any unlawful motive played any part in any decision or action, the same decision or action would have been taken or occurred without regard to such unlawful motive.

## THIRD DEFENSE

The plaintiff's claims under Title VII are barred to the extent that she failed to satisfy all administrative conditions precedent to filing an action under Title VII, including but not limited to failing to file an EEOC charge within 180 days of the acts about which she complains.

## FOURTH DEFENSE

The plaintiff's claims are barred by her unclean hands.

## FIFTH DEFENSE

The complaint, in whole or in part, fails to state a claim for which relief can be granted.

## SIXTH DEFENSE

The plaintiff's claim for punitive damages is barred by the defendant's good faith efforts to comply with Title VII and other anti-discrimination statutes.

## SEVENTH DEFENSE

The defendant is not liable for punitive damages because it did not authorize or ratify any allegedly discriminatory acts and was not reckless in hiring the employee or employees who allegedly committed the allegedly discriminatory acts.

## EIGHTH DEFENSE

The imposition of punitive damages would violate the Fourth, Fifth, Sixth and/or Eighth Amendments to the United States Constitution and corresponding provisions of Alabama's Constitution because:  (a) the standard of liability for punitive damages is inadequate, unduly vague and subjective, permitting random, arbitrary, capricious, excessive and/or disproportionate punishment that serves no legitimate governmental interest; and (b) there are inadequate standards and procedures for reviewing awards of punitive damages.

## NINTH DEFENSE

The plaintiff's claims for punitive damages under Alabama law are limited by Ala. Code § 6-11-21 (2000).

## TENTH DEFENSE

The plaintiff's claims, or some of them, are barred by the doctrine of estoppel.

## ELEVENTH DEFENSE

The plaintiff's claims are barred by her failure to mitigate damages, if any.

## TWELFTH DEFENSE

Any unlawful conduct, if it occurred, was outside the line and scope of employment. Further, the defendant did not participate in, authorize, ratify or condone any of the alleged wrongful acts of which the plaintiff complains.

## THIRTEENTH DEFENSE

The plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

## FOURTEENTH DEFENSE

The leave allegedly requested by the plaintiff did not qualify as FMLA leave.

## FIFTEENTH DEFENSE

Any action or omission by the defendant giving rise to a claim under the FMLA was not willful but was made in good faith with a reasonable belief that the action or omission did not violate the FMLA.

## SIXTEENTH DEFENSE

The plaintiff failed to provide adequate notice of the need to take FMLA leave.

## SEVENTEENTH DEFENSE

The plaintiff did not have a serious health condition within the meaning of the FMLA.

## **EIGHTEENTH DEFENSE**

The plaintiff failed to provide adequate medical certification of the need for FMLA leave.

The defendant requests an award of costs, expenses and attorney's fees.

Dated this 12th day of August, 2005.

                        s/***Charles A. Powell, III***
                        Charles A. Powell, III (ASB-6957-E68C)

                        s/***Heather F. Lindsay***
                        Heather F. Lindsay (ASB-0629-D64H)

                        Attorneys for Defendant,
                        Romero Trucking, Inc.

                        Johnston Barton Proctor & Powell LLP
                        2900 AmSouth/Harbert Plaza
                        1901 Sixth Avenue North
                        Birmingham, Alabama 35203-2618
                        Telephone:  (205) 458-9400
                        Facsimile:  (205) 458-9500
                        E-mail:  hfl@jbpp.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 12, 2005 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David R. Arendall
Stephanie S. Woodard
Allen D. Arnold
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

                                      Respectfully submitted,

                                      s/ ***Heather F. Lindsay***
                                      Heather F. Lindsay
                                      Johnston Barton Proctor & Powell LLP
                                      2900 AmSouth/Harbert Plaza
                                      1901 Sixth Avenue North
                                      Birmingham, Alabama 35203-2618
                                      Telephone:  (205) 458-9400
                                      Facsimile:  (205) 458-9500
                                      E-mail:  hfl@jbpp.com
                                      Attorney Bar No.:  ASB-0629-D64H

W0521490.DOC