IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KELLY M. BERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 2:05-cv-625-F |
| | ) |
| ROMERO TRUCKING, INC., | ) |
| | ) |
| Defendant. | ) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held on September 15, 2005, via telephone conference between David R. Arendall, attorney for Plaintiff Kelly M. Berry, and Heather F. Lindsay, one of the attorneys for Defendant Romero Trucking, Inc.

**Pre-discovery Disclosures**

The parties will exchange the information required by Local Rule 26.1(a)(1) by **September 30, 2005**.

**Discovery Plan**

The parties jointly propose to the Court the following discovery plan:

Without waiver of objections, discovery will be needed on the following subjects: plaintiff's claims and all other allegations in plaintiff's complaint and

matters incidental thereto; defendant's defenses and matters incidental thereto; plaintiff's damages, defenses thereto, and mitigation thereof.

All discovery must be commenced in time to be completed by **May 20, 2005**. The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the Court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29.

Maximum of 8 depositions by each party. No deposition shall exceed seven hours unless agreed to by the parties or ordered by the Court.

Reports from retained experts, if any, under Rule 26(a)(2) are due:

From plaintiff: **January 27, 2006.**

From defendants: **February 27, 2006.**

Supplementation under Rule 26(e) due as soon as is practicable but no later than 30 days prior to the discovery cut-off.

**NOTE:** The parties have not resolved the scope of written discovery and state their proposed limits as follows:

**PLAINTIFF:**

Maximum of **40 interrogatories**, including sub-parts, by each party. Responses, and any objections if any, will be due 30 days after service.

Maximum of **25 requests for admissions**, including sub-parts, by each party. The matter is deemed admitted unless a response is received within 30 days or other time so ordered by the Court.

Maximum of **40 requests for production of documents**, including sub-parts, by each party.

**DEFENDANT:**

Maximum of **25 interrogatories**, including sub-parts, by each party. Responses, and any objections if any, will be due 30 days after service.

Maximum of **15 requests for admissions**, including sub-parts, by each party. The matter is deemed admitted unless a response is received within 30 days or other time so ordered by the Court.

Maximum of **25 requests for production of documents**, including sub-parts, by each party.

The Defendant's position is based on its good faith belief that its proposed limits will be adequate based on the issues in this litigation. If as the case proceeds, it becomes apparent that additional discovery is reasonable, the Defendant is willing to revisit the scope of discovery with the Plaintiff without the necessity of Court intervention.

**Other Items**

The parties do not request a conference with the Court before entry of the scheduling order.

The parties request a pre-trial conference to be set on or about **July 20, 2006**.

The plaintiff has until **November 15, 2005** to join additional parties and to amend the pleadings. The defendant has until **December 15, 2005** to join additional parties and to amend the pleadings.

All potentially dispositive motions must be filed and served by **April 21, 2006**.

The parties will file and serve final lists of witnesses and exhibits under Rule 26(a)(3) by **July 20, 2006.**

Parties have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

Settlement cannot be evaluated until the parties conduct some discovery. The parties will conduct a face-to-face settlement conference on **May 5, 2006**.

The case should be ready for trial for the **August 21, 2006** trial term and is expected to take approximately two days.

Respectfully submitted this 19th day of September, 2005.

s/ *David R. Arendall*
David R. Arendall
Arendall & Associates
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
(205) 252-1550
Facsimile: (205) 252-1556
E-mail: dra@arendalllaw.com
*Attorney for Plaintiff Kelly M. Berry*


s/ *Heather F. Lindsay*
Heather F. Lindsay ASB-0629-D64H
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
(205) 458-9400
Facsimile: (205) 458-9500
E-mail: hfl@jbpp.com
*Attorney for Defendant*
*Romero Trucking, Inc.*

5