IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KELLY M. BERRY | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    2:05-CV-00625-F |
| | ) |
| ROMERO TRUCKING, INC. | ) |
| | ) |
|     Defendant. | ) |

### ORDER ON MOTION AND PROTECTIVE ORDER

Upon consideration of the *Joint Motion for Entry of Protective Order* (Doc. 13, filed December 21, 2005), it is **ORDERED** that the *Motion* is **GRANTED**.

Pursuant to Federal Rule of Civil Procedure 26(c), for good cause shown and by agreement of all parties, it is hereby **ORDERED**:

1. The plaintiff has requested documents containing confidential proprietary information of the defendant, as well as information regarding current and/or former employees of the defendant, Romero Trucking, Inc. ("Romero Trucking"). To protect the privacy interests of individuals not parties to this action and the proprietary interests of the defendant, such documents shall be treated as confidential under the terms of this Order, and those documents copied by or at the request of the plaintiff and her counsel shall be designated as "**CONFIDENTIAL INFORMATION**" in the manner set forth in this Order.

2. All documents designated "**CONFIDENTIAL INFORMATION**" shall be identified as confidential information by placing the words "**CONFIDENTIAL INFORMATION**" on the face of such documents.

3. The parties and their counsel shall not give, show, or otherwise divulge any **"CONFIDENTIAL INFORMATION"** produced in this action by an opposing counsel, or the substance or contents thereof, or any copies or summaries thereof, to any entity or person except the parties and witnesses to be deposed or called to testify at trial in this action; employees, experts, and consultants employed or retained by the receiving party's counsel in connection with this action; and court personnel. Any party receiving **"CONFIDENTIAL INFORMATION"** from an opposing party shall use such **"CONFIDENTIAL INFORMATION"** only for purposes of this litigation.

4. The parties; witnesses to be deposed or called to testify at trial in this action; and employees, experts, and consultants of the party's counsel to which such **"CONFIDENTIAL INFORMATION"** is intended to be presented, shall first be presented with a copy of this protective order and instructed to read the same. These parties, witnesses, employees, experts, and consultants shall use said **"CONFIDENTIAL INFORMATION"** only for the purposes of this litigation and shall not give, show, or otherwise divulge any **"CONFIDENTIAL INFORMATION"** or the substance or contents thereof, specifically any reports prepared pursuant to Fed. R. Civ. P. 26(a)(2), or any copies or summaries thereof, to any other entity or person without prior approval of the Court.

5. Any such **"CONFIDENTIAL INFORMATION"** filed with the Court shall bear the caption of this action, an indication of the nature of the information, the word **"CONFIDENTIAL,"** and have the individuals' personal identifiers, including but not limited to social security numbers, redacted prior to filing.

6. Upon completion of the trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, counsel for the party having received **"CONFIDENTIAL INFORMATION"** shall, upon request, return to the counsel of the party who produced that **"CONFIDENTIAL INFORMATION"** all such **"CONFIDENTIAL**

**INFORMATION**" requested to be returned, including any and all copies, prints, negatives, or summaries thereof, and including any and all copies, prints, negatives, and summaries in the possession of employees, experts, or consultants employed or retained by the receiving party's counsel, except those comprising any appellate record or trial court record.

7. If counsel for any party believes that it is necessary to disclose any such "**CONFIDENTIAL INFORMATION**" to persons other than designated persons in this order, then counsel must seek approval of the Court. Before prior approval for further disclosure of protected documents is sought from the Court, counsel for the receiving party must confer with counsel for the party who produced the "**CONFIDENTIAL INFORMATION**" and attempt to reach agreement on the extent of further disclosure. Counsel must advise the Court of their compliance with the preceding sentence and their agreement or lack thereof when prior approval for further disclosure is sought.

DONE this 28th day of December, 2005.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE